**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| FREDERICKA F. GAGE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  4:20-cv-01717 |
| J & M SECURITIES, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes FREDERICKA F. GAGE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of J & M SECURITIES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within in the Eastern District of Missouri and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Missouri.

### PARTIES

1

4.   Plaintiff is a consumer over-the-age of 18 residing in St. Louis, Missouri, which is within the Eastern District of Missouri.

5.   Defendant is a third party debt collector who claims that "[s]ice 1998, we have been helping Creditors in the St. Louis area recover the money they are owed." [1] Defendant is a limited liability company organized under the laws of the state of Missouri with its principal place of business located at 130 South Bemiston Avenue, Suite 300, Clayton, Missouri.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action stems from Defendant's attempts to collect upon an apartment related debt ("subject debt") Plaintiff is alleged to owe.

8.   The subject debt purportedly stems from past due payments Plaintiff is alleged to owe to Maplelawn Apartments ("Maplelawn").

9.   After Plaintiff's purported default on the subject debt with Maplelawn, Maplelawn sued Plaintiff in an effort to collect the subject debt in the Saint Louis County Circuit Court.

10. The resulting litigation is associated with case number 10SL-AC44905-01 and is captioned *Maplelawn Apartments v. Fredericka F. Gage et al.*

11. As a result of that lawsuit, a judgment was entered against Plaintiff on January 25, 2011, for the amount of $2,651.

---

[1] http://support-jmsecurities.squarespace.com/what-we-do

12. After the judgment was entered, Plaintiff entered into a payment arrangement with Maplelawn's attorney, Randall John Reinker ("Mr. Reinker"), in an effort to address the subject debt.

13. Plaintiff subsequently paid the judgment in full to Mr. Reinker over the following months.

14. On March 1, 2011, Mr. Reinker filed a satisfaction of judgment in 10SL-AC44905-01, resulting in the judgment being set aside and terminating Plaintiff's liability in connection with the subject debt.

15. However, on October 1, 2020, Maplelawn filed an "Assignment of Judgment" in 10SL-AC44905-01, stating that the subject debt had been assigned to Defendant.

16. Thereafter, on or about October 3, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter seeking collection of the subject debt.

17. This collection letter was the first communication Plaintiff received from Defendant in connection with the subject debt.

18. The collection letter states "Failure to pay this assigned Judgment will leave us no alternative but to initiate further remedies immediately, which could include but not limited to: garnishment of wages, requesting the sheriff to seize property you own or possess (including real estate, furnishings, cars bank accounts, money, etc.)."

19. The collection letter further states that it is being sent "Re: MAPLELAWN APARTMENTS" in connection with case number 10SL-AC44905-01, and that "[a]s of the date of this letter, you owe **$4,936.89**. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" (emphasis in original).

20. Thereafter, the collection letter states: "You are directed to address all future correspondence and payments concerning this assigned Judgment to the address listed above. Your

failure to respond will be interpreted as a lack of intent on your part to resolve this assigned Judgment. We will, at that time, have no other choice but to proceed with further collection efforts that best suit our needs."

21. Finally, the collection letter goes on to outline Plaintiff's dispute and validation rights, as required under 15 U.S.C. § 1692g.

22. After receiving the collection letter, Plaintiff contacted Defendant in an effort to explain to them that she had already paid the subject debt.

23. Defendant refused to acknowledge Plaintiff's information, instead affirmatively representing to Plaintiff that no payments were ever made in connection with the subject debt.

24. Defendant's collection letter and subsequent conduct violates the FDCPA in several material respects.

25. First, Defendant's collection letter falsely represents to Plaintiff that she owes the subject debt, when in fact she does not

26. When pressed on its false and deceptive communication, Defendant doubled down and represented to Plaintiff that she never made payment on the subject debt, and thus owed not only the principal amount on the judgment, but the additional interest that had accrued.

27. As such, Defendant's collection letter and subsequent conduct harassingly, abusively, falsely, deceptively, and misleadingly represented to Plaintiff that she owed the subject debt, when in fact she did not.

28. Defendant's conduct caused Plaintiff significant emotional distress, as she was led to believe that she owed close to $5,000 in connection with the subject debt, when she had already satisfied the judgment in full.

29. Plaintiff's emotional distress was exacerbated by Defendant's additional threats of further collection activity, including potential garnishment and seizure of property, unless Plaintiff paid the subject debt immediately.

30. Second, Defendant's collection letter falsely, deceptively, and misleadingly represented to Plaintiff that she could possibly be subjected to garnishment or other property seizure in the event the subject debt was not paid immediately.

31. Because Plaintiff had already satisfied the judgment, it would be unlawful for Defendant to seek any sort of garnishment or other property seizure in connection with the subject debt.

32. Defendant's representation that such outcomes *could* befall Plaintiff were blatantly false.

33. As a result of Defendant's false representations, Plaintiff was led to believe she could potentially have her wages garnished and property seized, despite having already paid the subject debt, causing her further emotional distress.

34. Third, Defendant's collection letter and its demand for immediate action results in an overshadowing of Plaintiff's dispute and validation rights afforded under the FDCPA.

35. Defendant's threats to seek garnishment or property seizure "immediately" overshadows and is inconsistent with Plaintiff's right to dispute the subject debt and demand validation of the same within the statutorily prescribed 30-day period after Plaintiff's receipt of the collection letter.

36. Defendant's demand for immediate action within Plaintiff's statutorily prescribed 30-ay validation period risked Plaintiff, and similarly presents a risk of harm to unsophisticated consumers, foregoing the dispute and validation rights afforded under the FDCPA in order to pay the subject debt in full or otherwise contact Defendant, without first considering the nature of their rights to seek debt validation.

37. Defendant's overshadowing in this instance was particularly harmful to Plaintiff given that she does not owe the subject debt and would have disputed the subject debt.

38. Fourth, Defendant's collection letter deceptively and misleadingly represents the charges that would "vary day to day" in connection with the subject debt.

39. However, Defendant's suggestion that "late charges" or "other charges" would "vary day to day" in connection with the subject debt was false, deceptive, and misleading.

40. Given that the subject debt was reduced to judgment, the only additional charges that would vary day to day would be interest – as there would be no "late charges" nor "other charges" that would continue to accrue on the subject debt since it was reduced to judgment.

41. Upon information and belief, Defendant's deceptive and misleading language was included in its collection letter in a blanket effort to provide Plaintiff with the "safe harbor" language courts have approved of in situations where debt collectors attempt to collect upon variable debts.

42. However, Defendant's choice to blindly follow such language, without considering how, under the circumstances, such language was false, deceptive, and misleading, underscores the deceptive and misleading nature of Defendant's collection letter.

43. As a result of Defendant's representations, Plaintiff was led to believe that the subject debt, already improperly increased due to the inclusion of interest which ceased to accrue upon Plaintiff's satisfaction of the subject debt, could continue to increase due to illusory charges other than interest.

44. Fifth, Defendant's collection letter fails to adequately articulate the creditor to whom the subject debt was owed at the time Defendant sent the collection letter.

45. As the initial written communication Plaintiff received from Defendant in connection with the subject debt, the collection letter was required to contain certain information about the subject

debt, including the "name of the creditor to whom the [subject debt] is owed." *See* 15 U.S.C. § 1692g(a)(2).

46. However, the collection letter does not identify the name of the creditor to whom the subject debt is owed, nor does the collection letter identify the name of the entity who placed the subject debt with Defendant for collection.

47. Instead, it merely states that it is being sent regarding the subject debt.

48. The fact Defendant's collection letter suggests the debt was assigned to it, and further given the extent to which payment was to go directly to Defendant, resulted in Plaintiff being unsure as to whether Defendant was the entity to whom the subject debt was owed at the time Defendant sent the collection letter, or whether Maplelawn was the creditor to whom the subject debt was owed.

49. Collection letters that attempt to identify the creditor to whom a debt is owed in a manner substantially similar to Defendant's collection letter have been found to violate the FDCPA as a matter of law. *See e.g., Steffek v. Client Servs.,* 948 F.3d 761 (7th Cir. 2020).

50. Finally, Defendant's attempt to collect the subject debt from Plaintiff, including at an amount substantially larger than the principal amount of the judgment, underscores the extent to which Defendant has attempted to collect an amount from Plaintiff unauthorized by law or the contract that gave rise to the creation of the subject debt.

51. As a result of Plaintiff's emotional distress, frustration, agitation, concern, and confusion surrounding Defendant's collection efforts, Plaintiff expended significant time addressing Defendant's conduct, including consulting with attorneys.

52. Plaintiff has been unfairly and unnecessarily harassed, misled, and treated unfairly as a result of Defendant's actions.

53.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, lost time stemming from being subjected to unnecessary collection efforts, being deceived in a manner which materially impacted her ability to chart an intelligent course of conduct in response to Defendant's collection efforts, as well as a violation of her state and federally protected interest to be free from harassing, deceptive, and unfair collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

54.   Plaintiff repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

55.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

56.   Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant is further a business whose principal purpose is the collection of debts.

57.   The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a.   Violations of FDCPA § §1692d

58.   The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

59.   Defendant violated § 1692d through the nature of its collection efforts directed towards Plaintiff. Despite Plaintiff having no obligation on the subject debt, Defendant nevertheless attempted to collect the subject debt from Plaintiff. Subjecting an innocent consumer to collection efforts on a debt she does not owe is inherently conduct which would have the natural consequence

of harassing, oppressing, and abusing any person, and Plaintiff was in fact harassed, oppressed, and abused via Defendant's efforts to collect a debt from her which she does not owe.

60. Defendant further violated § 1692d through the nature of its representations as to the consequences of Plaintiff's failure to pay the subject debt immediately. Defendant's collection letter suggests that unless the subject debt were paid immediately, Defendant would proceed with garnishing Plaintiff's wages or otherwise seizing her personal property. However, such threats were unlawfully made absent any intent to follow through. Instead, such representations were designed to compel Plaintiff's immediate payment on the subject debt. Suggesting that a consumer could be subjected to garnishment or property seizure, when such consumer could not, is conduct which has the natural consequence of harassing, oppressing, and abusing consumers.

### b. Violations of FDCPA § 1692e

61. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

62. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The representation or implication that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector . . . intends to take such action." 15 U.S.C. § 1692e(4).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

63. Defendant violated §§ 1692e, e(2), and e(10) when it attempted to collect from Plaintiff a debt which she does not owe. It was a false representation as to the character of the subject debt to

suggest that Plaintiff owed the debt, both in the collection letter and during the subsequent phone call, even though Plaintiff had already paid the subject debt in full. As a result of Defendant's conduct, Plaintiff suffered, *inter alia,* emotional distress believing she owed a debt which she had already paid. One of the core purposes of the FDCPA is prevent and restrain debt collectors from attempting to collect debts which have already been paid, underscoring how Defendant's harmed Plaintiff's interests protected under the FDCPA.

64. Defendant further violated §§ 1692e, e(2)(A), e(4), e(5), and e(10) through its representations as to its ability to garnish Plaintiff's wages and seize her property. Defendant lacked the lawful ability to make such representations as Plaintiff had no underlying obligation in connection with the subject debt.

65. Additionally, Defendant violated §§ 1692e and e(10) when it deceptively and misleadingly obfuscated the nature of Plaintiff's rights to dispute the subject debt within the 30 day validation period. Defendant's correspondences and the language used therein was designed to compel Plaintiff's immediate payment on the subject debt, lest she be subjected to garnishment and property seizure. However, compelling such immediate action misleads and deceives consumers – and misled and deceived Plaintiff – as to the rights available to them under the FDCPA, as such an immediate demand for payment made within the same correspondence outlining Plaintiff's 30-day validation period risks consumers acting in favor of Defendant's immediate demand for payment and threats, in dereliction of the dispute and validation rights which otherwise could have been exercised.

66. Defendant further violated §§ 1692e, e(2), and e(10) through its false, deceptive, and misleading representation that the subject debt could have accrued late charges and other charges that may vary day to day. Because the subject debt was reduced to judgment, the only charges that

10

may vary day to day would be interest, not "late charges" or "other charges." Defendant's representations to the contrary are inherently false, deceptive, and misleading under the FDCPA. Defendant's false, deceptive, and misleading representations misled and deceived Plaintiff into believing that the subject debt may be imminently increased by such varying late and other charges, when the only variance potentially attributable to the subject debt was interest. Defendant cannot immunize itself from liability by blindly copying and pasting the *Miller* safe harbor language without regard for whether that language is accurate under the circumstances. *Boucher v. Fin. Sys. of Green Bay,* 880 F.3d 362, 371 (7th Cir. 2018).

67. Defendant also violated §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor to whom the subject debt was owed in the collection letter. Defendant's collection letter misled and deceived Plaintiff, and similarly misleads and deceives the unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts. Defendant's articulation gives rise to multiple reasonable interpretations, at least one of which would be inaccurate, underscoring the deceptive and misleading nature of its articulation of the creditor to whom the subject debt was owed.

68. Finally, Defendant violated §§ 1692e, e(2)(A), and e(10) when it affirmatively represented to Plaintiff that no payments were ever made on the subject debt. As a result of this deceptive representation, Plaintiff suffered emotional distress believing that she lost the benefit received by addressing the subject debt in full.

### c.  Violations of FDCPA § 1692f

69. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further

prohibits "[a]ttempt[s] to collect any amount not authorized by the agreement creating the debt or permitted by law."

70. Defendant violated § 1692f and f(1) when it unfairly attempted to collect an amount unauthorized by law. Defendant's attempts to collect upon the principal balance of the judgment, plus the interest which did not actually accrue, demonstrates Defendant's unfair attempts to collect an amount not permitted by law.

71. Defendant further violated §§ 1692f and f(1) when it attempted to collect the subject debt from Plaintiff. Defendant unfairly roped Plaintiff into its collection campaign, despite Plaintiff having no remaining obligation in connection with the subject debt.

72. Additionally, Defendant violated § 1692f when it unfairly took assignment of the subject debt after the subject debt had been fully paid. Defendant, an experienced debt collector, should be able to ascertain, upon simply reviewing the docket in the underlying litigation, that the subject debt had been satisfied. Nevertheless, Defendant saw fit to unfairly receive assignment of such debt and go about attempting to collect the illusory debt from Plaintiff.

### d.  Violations of FDCPA § 1692g

73. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which identifies "the name of the creditor to whom the debt is owed." Further, pursuant to 15 U.S.C. § 1692g(b), any "communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

74. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point does the collection letter identify who the current creditor

is, nor does it indicate what entity placed the subject debt with Defendant for collection purposes. Instead, Defendant's collection letter imputes an impermissible amount of guesswork on the part of Plaintiff, as Plaintiff was left guessing as to whether Defendant or Maplelawn was the creditor to whom the subject debt was owed at the time the collection letter was sent.

75. Defendant further violated § 1692g(b) through the nature of its collection letter which was designed to compel Plaintiff's immediate payment and action in connection with the subject debt. The structure of Defendant's collection letter and demand for immediate action instilled a sense of immediacy in Plaintiff, and instills a sense of immediacy in unsophisticated consumers, which has the impact of forcing Plaintiff and consumers to forego their rights to seek validation of a debt and instead make payments to Defendant or otherwise forego the rights available to them under the FDCPA. Such language is in direct contravention of the dictates of § 1692g(b) and demonstrates the extent to which Defendant's collection letter impermissibly overshadows and is inconsistent with the dispute and validation rights afforded Plaintiff under the FDCPA.

WHEREFORE, Plaintiff, FREDERICKA F. GAGE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 4, 2020

Respectfully submitted,

<u>s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Missouri
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com